Turley, J.
delivered the opinion of the court.
This is a bill filed by the complainant to have his rights to a lot of ground in Portersville, in the county of Tipton, declared, upon the following facts: Ephraim Gray purchased the lot from James Hodges and paid the consideration, and on the 17th day of January, 1832, caused a deed of conveyance therefor to be executed by him to his brother, Harvy Gray, in trust for himself. This trust is not expressed in the deed but is raised by parol proof. On the 14th day of July, 1832, complainant recovered a judgment before a justice of the peace in Tipton county against Ephraim Gray, upon which afieri facias was issued, which was, for want of personal property, levied on the 12th of July, 1833, upon the lot in dispute. The execution and levy were returned to the county court of Tipton, and a regular condemnation pronounced thereon on the 6th of September, 1833, upon which a venditioni exponas was issued and the lot sold on the 1st of March, 1834, to complainant, he being the highest bidder. In the meantime, on the 10th of September, .1833, Harvy Gray sold and conveyed the lot to M. T. Martin and Robert J. Clow, who, on the 5th of May, 1834, re-conveyed the same to James Hodges, who, on the 30th of January, 1835, sold and conveyed to John Polk, from whom *496 Murdoch Murchison purchased on the — day of April, 1835, -taking a bond with covenant for conveyance.
Upon this state of facts two questions are presented for the consideration of the court: first, had Ephraim Gray such interest in the lot as was by law subject to execution on the 1st of March, 1834, the date of the sale and purchase under the venditioni exponas issued against him from the county court of Tipton? and secondly, if he had, do the defendants stand in such a position as to protect themselves against the complainant’s rights acquiredby said sale and purchase, and as subsequent purchasers for a valuable consideration without notice? The first proposition involves the question as to whether a resulting trust cam be raised by parol proof, and whether it is subject to execution from a court of law. Upon this proposition we are not left to argumentative induction; the question is settled by authority both in England and the United States so conclusively that it is no longer de-bateable; and however we may regret that trusts which carry an estate from the entire evidence of title have to be sustained by the courts, yet sic ita lex scripta est, and if it be desirable to have 'it changed, it must be done by the legislative department of the State. 1 John. Chan. Rep. 582: 2 John. Chan. Rep. 405: 11 John. Rep. 91: Vernon, 367: 2 Atkins, 159: 4 Cruise, 58-9. And finally and more conclusively upon us, because they are the decisions of our own courts, the cases of Russel and Vance vs. Stinson, 3 Hay. 5: Shute vs. Harder, 1 Yer. 9. Then Ephraim Gray had such interest as was subject to execution; and the complainant is entitled to his relief unless the defendants are protected from his claim as subsequent purchasers without notice.
Upon this proposition it is tobe observed: first, no person is protected as a subsequent purchaser unless either by his plea or answer he shows himself to be such by an explicit averment that he purchased for a valuable consideration, which he had paid without notice, and that he has taken a conveyance of the legal title. See the case of High and Wife vs. Battle and Bradley, 10 Yer. 335. This is not done in this case. And secondly, there is no pretence that the defendants or any of them are such purchasers. The com *497 plainant’s execution was levied on the lot on the 26th of July, 1833. Harvy Gray, the trustee, sold and conveyed to Martin and Olow on the 10th September, 1833, before the purchase under the venditioni exponas. They therefore had a constructive notice of complainant’s claim. They conveyed to Hodges on the 5th of May, 1834. But the bill expressly charges that he was cognizant of all the facts and a party to the fraudulent transaction, which by his neglect to answer he has admitted. He conveyed to Polk on the 30th of January, 1835, who in his answer admits that he had heard of the proceedings under the judgment in favor of the complainant. He sold it to Murchison, but has never conveyed the title, having only executed a bond for that purpose. We are therefore of opinion that the complainant purchased the legal title to the premises in dispute, and declare his rights accordingly. But inasmuch as he had no deed from the sheriff of Tipton conveying the title, we leave him to prosecute his remedy for the possession at law when he shall have obtained the conveyance.